IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

BRETT HENDRICKSON,

    Plaintiff,

v.     NO. 1:18-cv-01119

AFSCME COUNCIL 18 and NEW
MEXICO HUMAN SERVICES
DEPARTMENT,

    Defendants.

## COMPLAINT SEEKING DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES FOR DEPRIVATION OF FIRST AMENDMENT RIGHTS

### INTRODUCTION

1.    Government employees have a First Amendment right not to be compelled by their employer to join a union or to pay any fees to that union unless the employee "affirmatively consents" to waive that right. *Janus v. AFSCME*, 138 S. Ct. 2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id*.

2.    Union dues deduction agreements signed in jurisdictions that required agency fees to be paid by non-union members before the Supreme Court's decision in *Janus* are no longer enforceable. Employees who signed such agreements could not have freely waived their right not to join or pay a union because the Supreme Court had not yet recognized that right. Such employees must be given the choice either to join the union or not to join the union without paying any agency fees.

3.    Plaintiff, Brett Hendrickson ("Hendrickson"), is an employee of Defendant New Mexico Human Services Department (the "Department"). He was unconstitutionally coerced to

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
Page 1 of 11

join Defendant AFSCME Council 18 (the "Union") and to pay union dues as a condition of his employment.

4. The Union and the Department are violating Hendrickson's First Amendment rights to free speech and freedom of association by refusing to allow him to withdraw his membership and by continuing to charge him union dues based solely on a union card, which is now unenforceable, that he signed before the *Janus* decision.

5. The Department is violating Hendrickson's First Amendment rights to free speech and freedom of association by continuing to withhold union dues from his paycheck, and, on information and belief, is transmitting those funds to the Union, despite not having received freely given, affirmative consent from Hendrickson to do so.

6. The State of New Mexico is violating Hendrickson's First Amendment right to free speech and freedom of association through its laws that authorize public employers to require employees to associate with labor unions and to require that those unions be the "exclusive representative" of all employees. N.M. Stat. Ann. § 10-7E-15(A).

7. Hendrickson, therefore, brings this case under 42 U.S.C § 1983, seeking declaratory and injunctive relief, as well as damages in the amount of the dues previously deducted from his paychecks.

## PARTIES

8. Plaintiff, Brett Hendrickson, is a resident of Albuquerque, New Mexico, an employee of Defendant Human Services Department, and an involuntary member of Defendant AFSCME Council 18.

9. Defendant AFSCME Council 18 is headquartered in Albuquerque, New Mexico. It represents employees in New Mexico and Colorado, including employees of Defendant Human Services Department.

10. Defendant New Mexico Human Services Department is headquartered in Santa Fe, New Mexico.

## JURISDICTION AND VENUE

11. This case raises claims under the First and Fourteenth Amendments of the U.S. Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

12. Venue is appropriate under 28 U.S.C. § 1391(b) because Defendants are residents of this District and because a substantial portion of the events giving rise to the claims occurred in this District.

## FACTS

13. Plaintiff, Brett Hendrickson, has been an employee of the Department since 2001. When his workplace unionized circa 2003 or 2004, he was required to either join the Union or pay an unconstitutional "fair share" agency fee.

14. After a one-year period serving in another part of the state government on a temporary basis, Hendrickson returned to the Department in October 2006 and has worked there since that time.

15. Union dues were not deducted from Hendrickson's paycheck when he returned to the Department in October 2006 for approximately six months.

16. Because Hendrickson felt coerced to join the Union, he became concerned that the Union would demand that he pay back-dues for the previous six months in one lump sum. He

requested, and the Union agreed not to collect back-dues on the condition that he be compelled to sign a union card to become a full member of the Union.

17. Hendrickson signed a Union membership card on or around June 2007. At the time of his signing, neither the Union nor the Department informed him that he had a right not to join the Union.

18. Since 2007, the Department has deducted union dues in the approximate amount of thirty-two dollars ($32) per month from Hendrickson's paycheck, and on information and belief, has remitted those dues to the Union.

19. At the time Hendrickson was coerced into joining the Union, the unconstitutional agency fee charged by the Union to non-union member employees was more than 87% of full union dues.

20. On June 27, 2018, the U.S. Supreme Court decided *Janus v. AFSCME, Council 31,* 138 S. Ct. 2448. The Court held that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." 138 S. Ct. at 2486.

21. Hendrickson could not have waived a right he did not know existed prior to the *Janus* decision. *See Johnson v. Zerbst,* 304 U.S. 458, 464 (1938).

22. On August 9, 2018, Hendrickson sent an e-mail to the New Mexico State Personnel Office asking whether he could withdraw immediately as a union member or had to wait until a certain time window to withdraw.

23. On August 9, 2018, the New Mexico State Personnel Office responded to Hendrickson's e-mail by stating that the Union collective bargaining agreement controlled when he could exercise his First Amendment right to withdraw as a member of the Union.

24. Under New Mexico law, the Department cedes authority over when it can end payroll deductions to the Union: "[t]he public employer shall honor payroll deductions until the authorization is revoked in writing by the public employee in accordance with the negotiated agreement … ." N.M. Stat. Ann. § 10-7E-17(C).

25. New Mexico law allows unions to demand contract provisions providing for "fair share" fees from non-members. N.M. Stat. Ann. § 10-7E-9(G).

26. New Mexico law requires a government employer to recognize a certified union as the exclusive bargaining representative of all public employees, union and non-union members alike. N.M. Stat. Ann. § 10-7E-15(A).

27. New Mexico law empowers the Union to speak on behalf of all public employees regarding wages, hours, working conditions, and other aspects of the operation of government agencies. N.M. Stat. Ann. § 10-7E-17(A)(1).

28. *Janus* held that a waiver of one's First Amendment rights "cannot be presumed;" instead, such waiver "must be freely given." 138 S. Ct. at 2486.

29. Because the union membership agreement signed by Hendrickson in 2007 was prior to the Supreme Court's decision in *Janus* on June 27, 2018, it was based on an unconstitutional choice and is invalid and unenforceable.

## COUNT I
**By refusing to allow Hendrickson to withdraw from the Union and continuing to deduct his dues, Defendants are violating his First Amendment rights to free speech and freedom of association.**

30. The allegations in all proceeding paragraphs are incorporated here by reference.

31. Forcing a government employee to join a union or even to pay fees to a union violates that employee's First Amendment rights to free speech and freedom of association unless the employee "affirmatively consents" to waive the rights. *Janus v. AFSCME,* 138 S. Ct.

2448, 2486 (2018). Such a waiver must be "freely given and shown by 'clear and compelling' evidence." *Id.*

32. The rights of free speech and freedom of association in the First Amendment have been incorporated to and made enforceable against the States through the Fourteenth Amendment's guarantee of due process. *Id.* at 2463; *NAACP v. Alabama,* 357 U.S. 449 (1958).

33. 42 U.S.C. 1983 provides a cause of action for both damages and injunctive relief against any person who, under color of law of any state, subjects any person within the jurisdiction of the United States to a deprivation of any rights, privileges, or immunities secured by the Constitution.

34. Hendrickson does not affirmatively consent to remaining a member of the Union or to his dues being withheld by the Department.

35. The Department is a state entity that is acting under color of state law in unconstitutionally deducting union dues from Hendrickson's paycheck.

36. The Union is acting in concert with the Department to unconstitutionally collect union dues from Hendrickson's paycheck. In doing so, the Union is acting under color of state law. The Union is acting pursuant to a collective bargaining agreement negotiated with a state entity, is following the laws of the State of New Mexico in doing so, and is utilizing the state payroll system to exact its dues.

37. The Union and the Department have limited withdrawal from the Union to an arbitrary two-week period per year and insist that Hendrickson can only exercise his First Amendment rights during that time.

38. The continued withholding of union dues from Hendrickson's paycheck by the Union and the Department constitute a violation of Hendrickson's First Amendment rights to

free speech and freedom of association not to be a member of or financially support a union without his affirmative consent. *Janus*, 138 S. Ct. 2486.

39. Because Hendrickson was never given the option of paying nothing to the union as a non-member of the union, he could not have provided affirmative consent to join the Union. Hendrickson's consent to dues collection was not "freely given" because it was given based on an unconstitutional choice between union membership or the payment of union agency fees without the benefit of membership. *Janus*, 138 S. Ct. at 2486. If Hendrickson's choice had been between paying union dues or paying nothing, he would have chosen to pay nothing. Therefore, Hendrickson's consent, which was compelled by the false information and false dichotomy given to him, was not given freely.

40. Hendrickson is entitled immediately to withdraw from the Union and to stop having his dues deducted by the Department.

41. Hendrickson is entitled under 42 U.S.C. § 1983 to damages in the amount of all dues deducted and remitted to the Union since he became a member.

42. In the alternative, Mr. Hendrickson is entitled under 42 U.S.C. § 1983 to damages in the amount of all dues deducted and remitted to the Union since the *Janus* ruling on June 27, 2018.

**COUNT II**
**The state law forcing Hendrickson to continue to associate**
**with the Union without his affirmative consent violates**
**Hendrickson's First Amendment rights to free speech and freedom**
**of association and 42 U.S.C. § 1983.**

43. The allegations in all proceeding paragraphs are incorporated here by reference.

44.     "Compelling individuals to mouth support for views they find objectionable violates that cardinal constitutional command, and in most contexts, any such effort would be universally condemned." Janus, 138 S. Ct. at 2463.

45.     For this reason, the Supreme Court has repeatedly affirmed that "[f]orcing free and independent individuals to endorse ideas they find objectionable is always demeaning . . . a law commanding "involuntary affirmation" of objected-to beliefs would require "even more immediate and urgent grounds" than a law demanding silence." Janus, 138 S. Ct. at 2464 (2018) (quoting West Virginia Bd. of Ed. v. Barnette, 319 U. S. 624, 633 (1943)).

46.     Therefore, courts should scrutinize compelled associations strictly, because "mandatory associations are permissible only when they serve a compelling state interest that cannot be achieved through means significantly less restrictive of associational freedoms." Knox v. SEIU, 567 U.S. 298, 310 (quoting Roberts v. United States Jaycees, 468 U.S. 609, 623 (1984)) (internal quotation marks omitted).

47.     In the context of public sector unions, the Supreme Court has likewise recognized that "[d]esignating a union as the employees' exclusive representative substantially restricts the rights of individual employees. Among other things, this designation means that individual employees may not be represented by any agent other than the designated union; nor may individual employees negotiate directly with their employer." Janus, 138 S. Ct. at 2460.

48.     New Mexico law grants the Union the right to speak on Hendrickson's behalf on matters of serious public concern, including the salaries and benefits received by public employees and how public bodies should deal with financial challenges. N.M. Stat. Ann. § 10-7E-17(A)(1). These topics are inherently political. *Janus,* 138 S. Ct. 2473.

49. Under color of state law, the Department has designated the Union as Hendrickson's exclusive representative. N.M. Stat. Ann. § 10-7E-15(A).

50. Under color of state law, the Union has acted as Hendrickson's exclusive representative in negotiating the terms and conditions of his employment.

51. This designation compels Hendrickson to associate with the union against his will and, through its representation of him, to petition the government with a viewpoint in opposition to his own goals and priorities for the State of New Mexico.

52. The exclusive representation provision of N.M. Stat. Ann. § 10-7E-15(A); the "fair share" provision of § 10-7E-9(G); the right of a union to exclusively represent Hendrickson on matters of public policy under § 10-7E-17(A)(1); and all related provisions are, therefore, an unconstitutional abridgement of Hendrickson's right under the First Amendment not to be compelled to associate with speakers and organizations without his consent.

53. Under 42 U.S.C. § 1983, Hendrickson is entitled to have N.M. Stat. Ann. §§ 10-7E-9(G), 10-7E-15(A), and 10-7E-17(A)(1) declared unconstitutional for violating his First Amendment rights to free speech and freedom of association.

## PRAYER FOR RELIEF

Plaintiff Brett Hendrickson respectfully requests that this Court:

    a. Declare that limiting the ability of Hendrickson to resign his union membership to a window of time is unconstitutional because he did not provide affirmative consent;

    b. Declare that Hendrickson's signing of the union card cannot provide a basis for his affirmative consent to waive his First Amendment rights upheld in *Janus*

because such authorization was based on the unconstitutional choice between paying the union as a member or paying the union as a non-member;

   c.  Declare that the practice by the Department of withholding union dues from Hendrickson's paycheck was unconstitutional because Hendrickson did not provide affirmative consent for the Department to do so;

   d.  Enjoin the Department from collecting union dues from Hendrickson, unless he first provides freely given affirmative consent;

   e.  Enjoin the Union from collecting union dues from Hendrickson, unless he first provides freely given affirmative consent;

   f.  Award damages against the Union for all union dues collected from Hendrickson since the commencement of his employment;

   g.  In the alternative, award damages against the Union for all union dues collected from Hendrickson since the *Janus* decision on June 27, 2018;

   h.  Declare that Hendrickson has a constitutional right not to be represented by a union as his exclusive representative without his affirmative consent;

   i.  Enjoin the Department and the State of New Mexico from enforcing N.M. Stat. Ann. §§ 10-7E-9(G), 10-7E-15(A), and 10-7E-17(A)(1) and all other provisions of New Mexico law that provide for exclusive representation of and deduction of dues from employees who do not affirmatively consent to union membership;

   j.  Enjoin the Union from acting as the exclusive representative of Hendrickson;

   k.  Award Hendrickson his costs and attorneys' fees under 42 U.S.C. § 1988; and

l. Award any further relief to which Hendrickson may be entitled.

Dated: November 30, 2018

          Respectfully Submitted,

          */s/ Brian K. Kelsey*
          Brian K. Kelsey (Pro Hac Vice To Be Filed)
          Tennessee Bar No. 022874
          Jeffrey M. Schwab (Pro Hac Vice To Be Filed)
          Illinois Bar No. 6290710
          Liberty Justice Center
          190 South LaSalle Street, Suite 1500
          Chicago, Illinois 60603
          Telephone (312) 263-7668
          Facsimile (312) 263-7702
          jschwab@libertyjusticecenter.org
          bkelsey@libertyjusticecenter.org

          -and-

          */s/ Patrick J. Rogers*
          Patrick J. Rogers
          Patrick J. Rogers, LLC
          20 First Plaza
          Suite 725
          Albuquerque, NM 87102
          505-938-3335
          patrogers@patrogerslaw.com

          *Attorneys for Brett Hendrickson*