IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


BRETT HENDRICKSON,

        Plaintiff,

  v.

                                                    No.  18-CV-01119-RB-LF

AFSCME COUNCIL 18; MICHELLE LUJAN
GRISHAM, in her official capacity as
Governor of New Mexico; and HECTOR
BALDERAS, in his official capacity as Attorney
General of New Mexico,

        Defendants.


**DEFENDANT AFSCME COUNCIL 18'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

INTRODUCTION ..................................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.    Plaintiff's claims for prospective relief are moot ..................................................... 2

    II.    Enforcement of Plaintiff's voluntary dues authorization agreements did not violate the First Amendment ..................................................................................... 3

        A.  Enforcement of a voluntary promise does not require a waiver ....................... 3

        B.  Even if a "waiver" analysis were required, Plaintiff's voluntary union membership agreements would constitute waivers ........................................... 5

    III.   Plaintiff's § 1983 claim also fails for lack of state action or, alternatively, because the good faith defense applies .................................................................. 8

    IV.   Exclusive-representation collective bargaining is constitutional .......................... 10

CONCLUSION ........................................................................................................................ 12

## TABLE OF AUTHORITIES

**Federal Court Cases**

*Abood v. Det. Bd. of Educ.*,
  431 U.S. 209 (1977) .................................................................................................. 6, 8, 9

*Akers v. Md. State Educ. Ass'n*,
  376 F.Supp.3d 563 (D. Md. 2019) ................................................................................. 11

*Already LLC v. Nike, Inc.*,
  568 U.S. 85 (2013) .......................................................................................................... 2

*Babb v. Cal. Teachers Ass'n*,
  378 F.Supp.3d 857 (C.D. Cal. 2019) ............................................................... 4, 10, 11, 12

*Bailey v. Cowley*,
  914 F.2d 1438 (10th Cir. 1990) ....................................................................................... 7

*Belgau v. Inslee*,
  2018 WL 4931602 (W.D. Wash. Oct. 11, 2018) ............................................................. 4

*Belgau v. Inslee*,
  359 F.Supp.3d 1000 (W.D. Wash. 2019) ........................................................................ 4

*Bermudez v. SEIU Local 521*,
  2019 WL 1615414 (N.D. Cal. Apr. 16, 2019) ................................................................. 4

*Bierman v. Dayton*,
  900 F.3d 570 (8th Cir. 2018) ......................................................................................... 11

*Brady v. United States*,
  397 U.S. 742 (1970) .................................................................................................... 6, 7

*Chicago Teachers Union, Local No. 1 v. Hudson*,
  475 U.S. 292 (1986) ........................................................................................................ 8

*City of Raton v. Ark. River Power Auth.*,
  760 F.Supp.2d 1132 (D.N.M. 2009) ............................................................................... 8

*Clement v. City of Glendale*,
  518 F.3d 1090 (9th Cir. 2008) ....................................................................................... 10

*Cohen v. Cowles Media Co.*,
  501 U.S. 663 (1991) .................................................................................................... 1, 3

*Cooley v. Cal. Statewide Law Enf't Ass'n*,
  2019 WL 331170 (E.D. Cal. Jan. 25, 2019) .................................................................... 4

*Cooley v. Cal. Statewide Law Enf't Ass'n*,
   2019 WL 2994502 (E.D. Cal. July 9, 2019) ................................................................. 5, 6, 9

*Crockett v. NEA Alaska*,
   367 F.Supp.3d 996 (D. Alaska 2019) ........................................................................ 4, 10, 11

*Dunlap v. Chicago Osteopathic Hosp.*,
   1995 WL 94876 (7th Cir. 1995) (unpublished) ..................................................................... 7

*Fisk v. Inslee*,
   759 F.App'x 632 (9th Cir. 2019) ...................................................................................... 2, 4

*Grossman v. Haw. Gov't Emps. Ass'n/AFSCME Local 152*,
   382 F.Supp.3d 1088 (D. Haw. 2019) ............................................................................. 11, 12

*Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*,
   570 F.3d 811 (7th Cir. 2009) ................................................................................................. 9

*Harris v. Quinn*,
   573 U.S. 616 (2014) ............................................................................................................ 12

*Janus v. AFSCME Council 31*,
   138 S.Ct. 2448 (2018) ................................................................................................. passim

*Jordan v. Fox, Rothschild, O'Brien & Frankel*,
   20 F.3d 1250 (3d Cir. 1994) ................................................................................................ 10

*Knox v. SEIU, Local 1000*,
   567 U.S. 298 (2012) .......................................................................................................... 6, 8

*Lugar v. Edmondson Oil Co.*,
   457 U.S. 922 (1982) .............................................................................................................. 9

*Martinez v. Gonzalez*,
   2014 WL 12651266 (D.N.M. Apr. 16, 2014) ...................................................................... 10

*Mentele v. Inslee*,
   916 F.3d 783 (9th Cir. 2019) ......................................................................................... 11, 12

*Minnesota State Board v. Knight*,
   465 U.S. 271 (1984) .................................................................................................. 1, 10, 12

*O'Callaghan v. Regents of the Univ. of Cal.*,
   2019 WL 2635585 (C.D. Cal. June 10, 2019) ..................................................................... 11

*Perry Educ. Ass'n v. Perry Local Educators' Ass'n*,
   460 U.S. 37 (1983) .............................................................................................................. 12

*Pinsky v. Duncan*,
   79 F.3d 306 (2d Cir. 1996) .................................................................................................. 10

*Reisman v. Assoc. Faculties*,
    356 F.Supp.3d 173 (D. Me. 2018) .................................................................................. 11

*Schaffer v. Salt Lake City*,
    814 F.3d 1151 (10th Cir. 2016) ........................................................................................ 9

*Smith v. Bieker*,
    2019 WL 2476679 (N.D. Cal. June 13, 2019) ................................................................. 4

*Smith v. Sup. Ct., County of Contra Costa*,
    2018 WL 6072806 (N.D. Cal. Nov. 16, 2018) .............................................................. 4, 6

*Thompson v. Marietta Educ. Ass'n*,
    371 F.Supp.3d 431 (S.D. Ohio 2019) ............................................................................. 11

*United States v. Bunner*,
    134 F.3d 1000 (10th Cir. 1998) .................................................................................... 6, 7

*United States v. Porter*,
    405 F.3d 1136 (10th Cir. 2005) .................................................................................... 6, 7

*Uradnik v. Inter Faculty Org.*,
    2018 WL 4654751 (D. Minn. Sept. 27, 2018) ............................................................... 11

*Vector Research, Inc. v. Howard & Howard Attys*,
    76 F.3d 692 (6th Cir. 1996) ............................................................................................ 10

*Wyatt v. Cole*,
    994 F.2d 1113 (5th Cir. 1993) ........................................................................................ 10

**State Court Cases**

*Branch v. Commonwealth Emp't Rels. Bd.*,
    481 Mass. 810 (2019) ..................................................................................................... 11

*State ex rel. State Hwy. & Transp. Dept. v. Garley*,
    111 N.M. 383, 806 P.2d 32 (1991) .................................................................................. 8

**State Statutes**

NMSA 1978, § 10-7E-9(G) ..................................................................................................... 2

NMSA 1978, § 10-7E-15(A) ................................................................................................. 11

NMSA 1978, § 10-7E-17(C) ................................................................................................... 8

**Secondary Source**

RESTATEMENT (2D) CONTRACTS § 151 .................................................................................. 8

# INTRODUCTION

The facts in this case are undisputed. Plaintiff joined AFSCME Council 18 ("AFSCME" or "Union") in 2003 and renewed his membership several times before resigning. Plaintiff has never been an agency fee payer and has never paid any money to the Union that he did not agree to pay. Therefore, *Janus v. AFSCME Council 31*, 138 S.Ct. 2448 (2018) does not apply to him.

Plaintiff insists he is entitled to prospective relief against membership terms to which he is no longer subject and dues deductions that already ended. But these claims are moot. None of Plaintiff's claimed exceptions to the mootness doctrine apply.

Nor is Plaintiff entitled to a refund of dues he voluntarily agreed to pay. Plaintiff concedes that his membership and dues deductions agreements were contracts. He does not dispute that he received the rights and benefits of Union membership in exchange for his dues payments. The enforcement of Plaintiff's own agreements did not impair his First Amendment rights. *See Cohen v. Cowles Media Co.*, 501 U.S. 663 (1991). Plaintiff's assertion that *Janus* changed the law regarding union membership agreements is not supported by the *Janus* decision and has been rejected by every court to decide this issue.

Nor is Plaintiff entitled to an injunction against the State's exclusive-representation collective bargaining system. He concedes he is not required to join or support AFSCME, or do anything else. He concedes that he is free to speak out against AFSCME and its positions, meet individually with his employer, and join another organization. The claim that exclusive-representation collective bargaining, by itself, compels speech or association in violation of the First Amendment is foreclosed by *Minnesota State Board v. Knight*, 465 U.S. 271 (1984).

**ARGUMENT**

There is no dispute of material fact.  Plaintiff's Opposition to Defendant AFSCME's Motion for Summary Judgment ("Pl. Opp.") (Dkt. 42), at 5.  Plaintiff accepts AFSCME's Statement of Facts ("SOF") (Dkt. 32 at 2-8), and does not assert any additional facts.  *See id.*  As explained in AFSCME's Motion for Summary Judgment ("Union MSJ") (Dkt. 32), AFSCME's Response to Plaintiff's Motion for Summary Judgment ("Union Resp.") (Dkt. 39), and the following argument, AFSCME is entitled to summary judgment.

### I. Plaintiff's claims for prospective relief are moot

AFSCME is entitled to summary judgment as to Plaintiff's claims for prospective relief against Union membership dues and related terms.  Contrary to Plaintiff's assertions (Pl. Opp. at 6), the voluntary cessation exception to the mootness doctrine does not apply because his dues ended at his request and by operation of the terms of his membership agreement.  SOF ¶¶ 21-22; Union Resp. at 5 & n.2.  Moreover, *Already LLC v. Nike, Inc.* only confirms his claims are moot.  568 U.S. 85 (2013).  As in that case, even if the voluntary cessation doctrine applied, "the challenged conduct cannot reasonably be expected to recur" since Plaintiff does not intend to rejoin the Union.  *See id.* at 95.  *Fisk v. Inslee*'s mootness analysis does not apply because this case is not a class action.  759 F.App'x 632, 633 (9th Cir. 2019); Union Resp. at 5.

AFSCME is also entitled to judgment as to Plaintiff's claim for declaratory and injunctive relief against NMSA 1978, § 10-7E-9(G) and other state laws authorizing agency fees.  By omission, Plaintiff concedes this claim does not present a justiciable controversy.

## II. Enforcement of Plaintiff's voluntary dues authorization agreements did not violate the First Amendment

### A. Enforcement of a voluntary promise does not require a waiver

Like millions of other public and private employees, Plaintiff chose to become a Union member and authorize the payment of dues through payroll deductions. In exchange, he received the rights and benefits of membership. SOF ¶¶ 3, 10. Dues commitment agreements like the ones Plaintiff signed are standard across the labor movement because they promote financial stability for unions. Affidavit of Connie Derr ("Derr Aff.") (Dkt. 32-4) ¶ 11.

Plaintiff concedes his Union membership agreement is a contract. Pl. Opp. at 7, 9. His agreement is enforceable without triggering any "waiver" analysis because, as explained in AFSCME's briefs, "the First Amendment does not confer … a constitutional right to disregard promises that would otherwise be enforced under state law." *Cohen*, 501 U.S. at 672. Plaintiff argues that *Cohen* does not apply because *Janus* changed the law. Pl. Opp. at 11. Not so. *Janus* addressed agency fees for nonmembers who never affirmatively authorized those payments, not union membership agreements, and thus did not undermine *Cohen* or the settled law of voluntary, private contracts. *See* Union MSJ at 13-15; Union Resp. at 7-9.

Plaintiff acknowledges that he asks the Court to hold that the agreements signed by millions of public employees across the country are now unconstitutional, but he insists that this dramatic upheaval is required by *Janus*. Pl. Opp. at 10. To the contrary, *Janus* expressly stated that, apart from ceasing agency fees, "States can keep their labor-relations systems exactly as they are." 138 S.Ct. at 2485 n.27. The Court should also reject Plaintiff's assertion that the Court can rule narrowly on *his* contract, because he does not distinguish that contract from standard union membership agreements in place throughout the country. Pl. Opp. at 11.

3

Plaintiff also fails to distinguish the many cases rejecting claims identical to his.  *See* Union MSJ at 14-17; Union Resp. at 7-11.  Plaintiff argues that *Fisk v. Inslee* is inapplicable because it did not address the "adequacy of the … putative waivers."  Pl. Opp. at 11 (quotation marks omitted).  However, AFSCME cited *Fisk* for its reasoning that enforcing the terms of union membership agreements "'do[] not violate [plaintiffs'] First Amendment rights.'"  *See* Union MSJ at 14-15 (quoting *Fisk*, 759 F.App'x at 633).  That reasoning applies equally here.  Plaintiff wrongly dismisses *Babb v. Cal. Teachers Ass'n*, 378 F.Supp.3d 857 (C.D. Cal. 2019), *Bermudez v. SEIU Local 521*, 2019 WL 1615414 (N.D. Cal. Apr. 16, 2019), and *Crockett v. NEA Alaska*, 367 F.Supp.3d 996 (D. Alaska 2019), as cases about damages.  Pl. Opp. at 12.  But those cases also squarely addressed and rejected the exact same claim as Plaintiff's.  *See Babb*, 378 F.Supp.3d at 876-77 (union membership agreements not coerced, even though plaintiffs joined because their alternative was to pay agency fees); *Bermudez*, 2019 WL 1615414, at *2 (former union members' "dues were not wrongfully collected – the decision to pay dues was not coerced and payment was a valid contractual term"); *Crockett*, 367 F.Supp.3d at 1008 (agreement to pay dues in "exchange for benefits created a contract between [plaintiffs] and their unions that remains enforceable after *Janus*").

Plaintiff also dismisses *Cooley v. Cal. Statewide Law Enf't Ass'n*, 2019 WL 331170 (E.D. Cal. Jan. 25, 2019), *Smith v. Sup. Ct., County of Contra Costa*, 2018 WL 6072806 (N.D. Cal. Nov. 16, 2018) (*Smith I*), and *Belgau v. Inslee*, 2018 WL 4931602 (W.D. Wash. Oct. 11, 2018) because they were rulings denying preliminary injunctions.  Pl. Opp. at 12.  But judgment has been entered for the unions in all three cases, on the same grounds as asserted here.  *See Smith v. Bieker*, 2019 WL 2476679 (N.D. Cal. June 13, 2019) (granting summary judgment); *Belgau v.*

4

*Inslee*, 359 F.Supp.3d 1000 (W.D. Wash. 2019) (same); *Cooley v. Cal. Statewide Law Enf't Ass'n*, ---F.3d---, 2019 WL 2994502, at *2 (E.D. Cal. July 9, 2019) (granting motion to dismiss).

### B. Even if a "waiver" analysis were required, Plaintiff's voluntary union membership agreements would constitute waivers

The undisputed facts establish that Plaintiff voluntarily joined the Union and "affirmatively consent[ed] to pay." *Janus*, 138 S.Ct. at 2486; SOF ¶¶ 6-10; Union Resp. at 10-11. The membership agreement Plaintiff signed states:

> I authorize AFSCME Council 18 as my exclusive bargaining representative, and I accept membership in AFSCME Council 18. I request and authorize the State of New Mexico to deduct union dues from my pay and transmit them to AFSCME Council 18…. This authorization shall be revocable only during the first two weeks of every December, or such other time as provided in the applicable collective-bargaining agreement.

SOF ¶ 9; Derr Aff. Ex. 3 (Dkt. 32-7). This plain language would constitute a valid waiver, even if a waiver analysis applied. *See* Union Resp. at 11-16.

Plaintiff incorrectly states that *Janus* requires an employee to "consent[] to waive his First Amendment rights," rather than just agree to pay money to a union. Pl. Opp. at 9. The Court actually said (in the context of nonmembers) that no payment may be collected "unless the employee *affirmatively consents to pay*," and that, "[b]y *agreeing to pay*, nonmembers are waiving their First Amendment rights." 138 S.Ct. at 2486 (emphases added). Thus, even for nonmembers, an effective agreement to pay need not specifically cite the First Amendment. *See* Union Resp. at 12 (and cases cited). Plaintiff "affirmatively consent[ed]" to pay.

Plaintiff further argues he could not have known his rights until *Janus* issued and that he would not have joined the Union if at the time he could have paid nothing as a nonmember. Pl. Opp. 9-10; First Amended Complaint ("FAC") (Dkt. 21) ¶ 56 ("Hendrickson was not given the option of paying nothing to the union as a non-member of the union."). But the First

5

Amendment right to decline to join a union was well-established long before *Janus*. *See Smith I*, 2018 WL 6072806, at *1 ("Smith argues his consent to pay wasn't 'knowing' before *Janus* because he couldn't yet have known or understood the rights the case would clarify he had. But it's not the rights clarified in *Janus* that are relevant to Smith—Smith's First Amendment right to opt out of union membership was clarified in 1977 [in *Abood v. Det. Bd. of Educ.*, 431 U.S. 209 (1977)], and yet he waived that right by affirmatively consenting to be a member."). And Plaintiff's choice to join the Union was knowing and voluntary even if the consequences of an *alternative* choice were later affected by *Janus*. *See* Union Resp. at 13-14 (discussing *Brady v. United States*, 397 U.S. 742 (1970)); *see also United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) (by entering into an agreement, parties "may waive both rights in existence and those that result from unanticipated later judicial determinations"); *Cooley*, 2019 WL 2994502, at *2 (agreement to join union and agree to dues deduction revocation period "was valid assent, and an intervening change in law does not taint that consent or invalidate his contractual agreement.").

Plaintiff's situation differs from that of the nonmembers in *Knox v. SEIU, Local 1000*, who were compelled to pay agency fees and did not receive sufficient information to object to paying for non-chargeable activities. 567 U.S. 298, 315 (2012) (Pl. Opp. at 10). Plaintiff made a voluntary, affirmative choice and agreed to terms clearly written on his contract.

Nor is Plaintiff aided by the principal case on which he relies, *United States v. Bunner*, 134 F.3d 1000 (10th Cir. 1998) (Pl. Opp. at 8). *Bunner* involved a plea agreement in which the defendant pled guilty to conduct that was later held not to be a crime (so his sentence was vacated) in exchange for the prosecution's promise not to pursue other charges. *Id.* at 1002, 1004-05. The prosecution was permitted to void the plea agreement because the change in law

6

altered the agreement's fundamental purpose. *Id.* at 1004-05. In effect, the prosecution had received no consideration for its promise not to pursue other charges. *See id.* at 1005. By contrast, here, nothing altered the fundamental purpose of Plaintiff's contract. Plaintiff agreed to join the Union and authorize dues deductions, subject to a revocation window; in exchange, he received the rights and benefits of Union membership. The contract's purpose was achieved.

Indeed, the Tenth Circuit distinguishes plea agreement cases wherein the defendant pleads guilty to conduct that is later held not to be a crime (as in *Bunner*), from cases wherein subsequent case law only renders an alternative to the plea deal unconstitutional (as in *Brady*). In the latter cases, the plea agreement is not voidable. *See, e.g.*, *Porter*, 405 F.3d at 1144 (waiver of right to challenge sentence in plea deal was knowing and voluntary, notwithstanding subsequent case law changing the length of sentence defendant could have been charged with); *Bailey v. Cowley*, 914 F.2d 1438, 1441 (10th Cir. 1990) ("One of the risks a defendant assumes when he pleads guilty is that the consequences he seeks to avoid will not be later nullified by a change in the law."). By analogy, Plaintiff's membership agreement was not rendered voidable simply because *Janus* invalidated agency fees for *non*members. *See also Dunlap v. Chicago Osteopathic Hosp.*, 1995 WL 94876, at *1 (7th Cir. 1995) (unpublished) (plaintiff's argument that "she would not have entered into the settlement agreement had she known that the law would change" was not a valid basis to rescind contract).

For similar reasons, Plaintiff's "mutual mistake" claim lacks merit. Pl. Opp. at 7-8. A "mistake" can make a contract voidable only if it involved "a basic assumption on which the contract was made [that] has a material effect on the agreed exchange of performances." *Id.* (quotation marks omitted). As just explained, the agreed exchange of performances happened,

and *Janus* had no effect on that exchange.  The "mutual mistake" doctrine is also inapplicable because the mistake "must relate to the facts *as they exist at the time of the making of the contract*."  *State ex rel. State Hwy. & Transp. Dept. v. Garley*, 111 N.M. 383, 387, 806 P.2d 32, 36 (1991) (quoting RESTATEMENT (2D) CONTRACTS § 151) (emphasis added).  Plaintiff's "discover[y]" when *Janus* issued that "agency fees were [un]constitutional" is not a "mistake" about facts that existed at the time he made his contract – most recently in April 7, 2017.  SOF ¶ 9.[1]  Furthermore, the benefits Plaintiff received from Union membership cannot be returned, and New Mexico law forbids partial rescission.  *See City of Raton v. Ark. River Power Auth.*, 760 F.Supp.2d 1132, 1155 (D.N.M. 2009).

### III. Plaintiff's § 1983 claim also fails for lack of state action or, alternatively, because the good faith defense applies

Plaintiff's § 1983 claim for recovery of dues payments also fails for lack of state action. *See* Union MSJ at 17-20; Union Resp. at 16-18.  Plaintiff's statement that "the State carried out the union's instructions, just as it had regarding agency fee payers in *Janus*," is wrong.  Pl. Opp. at 15.  Since Plaintiff never paid agency fees, the State only carried out Plaintiff's *own* instructions pursuant to the membership agreements he signed.  Plaintiff fails to distinguish between payments compelled by the government, as in *Abood*, *Knox*, *Janus*, and *Chicago Teachers Union, Local No. 1 v. Hudson*, 475 U.S. 292 (1986) (Pl. Opp. at 15), and payments made pursuant to a private agreement, as here.  Unlike agency fee statutes, NMSA 1978, § 10-7E-17(C) and the collective bargaining agreement merely require the State to "honor"

---

[1] Even if a "mistake" may pertain to law rather than fact, RESTATEMENT (2D) OF CONTRACTS §151, Cmt. B, the mutual mistake doctrine could not apply here because the purported "mistake" was not about the caselaw at the time of contract formation, which permitted agency fees.

8

employees' dues deduction requests.  *See* Union MSJ at 18-19 & n.5; Union Resp. at 16-17.

Likewise, Plaintiff is wrong that the mere use of the State's payroll system for dues deductions establishes state action.  Pl. Opp. 14.  The State's ministerial role in implementing an agreement between two private parties is insufficient to turn that agreement into state action under § 1983.  *See* Union MSJ at 19-20; Union Resp. at 17 (and cases cited); *see also Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 819, 821 (7th Cir. 2009) (public employer's administrative function of deducting dues was not state action).

The cases Plaintiff relies on do not support his claim of state action.  *Lugar v. Edmondson Oil Co.* involved the use of a statutorily created involuntary attachment process, enforced by court order, and executed by government officers, to seize disputed property without procedural due process.  457 U.S. 922, 924, 942 (1982) (Pl. Opp. at 14).  *Lugar* thus involved much greater state involvement than voluntary employee-authorized dues deductions, where the state merely administers the private parties' own agreement.  And, in *Schaffer v. Salt Lake City*, the court *rejected* the argument that state action exists just because a government employee is involved. 814 F.3d 1151, 1155-56 (10th Cir. 2016) (Pl. Opp. at 15).

Alternatively, AFSCME is not liable for damages under § 1983 because the Union relied in good faith on the law then in effect, which authorized the collection of fair share fees.  *See Abood*, 431 U.S. at 209.  If good-faith reliance on a law that is later held unconstitutional is a defense to liability for collecting compelled agency fees, then the defense applies equally to the collection of union dues during the time that agency fees were being collected.  Union Resp. at 18 & n.7 (citing cases); *see also Cooley*, 2019 WL 2994502, at *3 (good faith defense bars liability for dues that former union members claims they were coerced to pay because of agency

9

fees); *Babb*, 378 F.Supp.3d at 876 (same); *Crockett*, 367 F.Supp.3d at 1007-08 (same).[2]

### IV. Exclusive-representation collective bargaining is constitutional

Plaintiff's challenge to New Mexico's system of exclusive-representation collective bargaining is not viable. As AFSCME has already shown, that claim is foreclosed by *Minnesota State Board v. Knight*, 465 U.S. 271 (1984). *See* Union MSJ at 20 & n.7, 22-25; Union Resp. at 19-22. And even if *Knight* were not directly on point, Plaintiff does not have a viable compelled speech or association claim because it is undisputed that he is not compelled to join, support, or endorse the Union in any way, nor is he prevented from speaking out against the Union or filing a grievance with his employer without AFCSME's participation. Nor would reasonable outsiders assume that every bargaining unit worker necessarily agrees with every position taken by a majority-elected exclusive representative. Union MSJ at 21-22; Union Resp. at 19; Derr Aff. ¶¶ 24-27; Declaration of Joseph Grodin ("Grodin Dec.") (Dkt. 32-22) ¶¶ 14, 16.

Contrary to Plaintiff's contention, *Janus* expressly left undisturbed the settled precedent upholding exclusive representation when *Janus* struck down compelled fair share fees.[3] *See*

---

[2] Although the Tenth Circuit has yet to squarely apply the good faith defense, this Court has held that the defense is available. *See Martinez v. Gonzalez*, 2014 WL 12651266, at *4 (D.N.M. Apr. 16, 2014). Other Circuits have uniformly held that the defense is available to private defendants in § 1983 litigation. *See Clement v. City of Glendale*, 518 F.3d 1090, 1096-97 (9th Cir. 2008); *Pinsky v. Duncan*, 79 F.3d 306, 311-12 (2d Cir. 1996); *Vector Research, Inc. v. Howard & Howard Attys.*, 76 F.3d 692, 698-99 (6th Cir. 1996); *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1275-78 (3d Cir. 1994); *Wyatt v. Cole*, 994 F.2d 1113, 1118 (5th Cir. 1993).

[3] *See* 138 S.Ct. at 2465 ("The *Abood* Court assumed that designation of a union as the exclusive representative of all the employees in a unit and the exaction of agency fees are inextricably linked, but that is simply not true."); *id.* at 2471 n.7 ("[W]e are not in any way questioning the foundations of modern labor law."); *id.* at 2477-78 ("It is also not disputed that the State may require that a union serve as exclusive bargaining agent for its employees…. We simply draw the line at allowing the government to go further still and require all employees to support the union irrespective of whether they share its views."); *id.* at 2485 n.27 ("States can keep their

10

Union MSJ at 25; Union Resp. at 21. In recent months, the Supreme Court has twice denied review of decisions upholding exclusive representation as consistent with *Janus*. *See Bierman v. Walz*, 139 S.Ct. 2043 (2019); *Uradnik v. Inter Faculty Org.*, 139 S.Ct. 1618 (2019).[4]

Plaintiff criticizes *Bierman* for not attempting to distinguish *Knight* (Pl. Opp. at 16), but that is because the Eighth Circuit found that "[t]here is no meaningful distinction between this case and *Knight*," 900 F.3d at 574, just as there is no meaningful distinction here. *Bierman* rejected the argument that Minnesota's system of exclusive-representative bargaining infringes on First Amendment associational rights. *Id.* at 572. Plaintiff makes the identical claim with respect to NMSA 1978, § 10-7E-15(A), and the claim should be rejected for the same reasons.

Plaintiff likewise criticizes *Mentele*, but his arguments misrepresent the case. In the passage quoted by Plaintiff, the Ninth Circuit did acknowledge an "arguabl[e] distinct[ion]" between the case before it and *Knight*, but then "conclude[d] that … *Knight* is the most appropriate guide" and that *Janus* "expressly affirm[ed] the propriety of mandatory union representation." 916 F.3d at 788 (citing 138 S.Ct. at 2478). Likewise, while *Mentele* did involve

---

labor-relations systems exactly as they are – only they cannot force nonmembers to *subsidize* public-sector unions." (emphasis added)).

[4] Plaintiff asserts that most cases that follow *Knight* are distinguishable because they were decided before *Janus*. But there are also many post-*Janus* decisions recognizing that *Knight* is the controlling precedent. *See Mentele v. Inslee*, 916 F.3d 783 (9th Cir. 2019); *Bierman v. Dayton*, 900 F.3d 570 (8th Cir. 2018), *cert. denied*, 139 S.Ct. 2043 (2019); *O'Callaghan v. Regents of the Univ. of Cal.*, 2019 WL 2635585, at *4 (C.D. Cal. June 10, 2019); *Grossman v. Haw. Gov't Emps. Ass'n/AFSCME Local 152*, 382 F.Supp.3d 1088, 1091-92 (D. Haw. 2019); *Babb*, 378 F.Supp.3d at 888; *Akers v. Md. State Educ. Ass'n*, 376 F.Supp.3d 563, 573 (D. Md. 2019); *Crockett*, 367 F.Supp.3d at 1009; *Thompson v. Marietta Educ. Ass'n*, 371 F.Supp.3d 431, 435-39 (S.D. Ohio 2019); *Reisman v. Assoc. Faculties*, 356 F.Supp.3d 173, 178-79 (D. Me. 2018); *Uradnik v. Inter Faculty Org.*, 2018 WL 4654751, at *2-4 (D. Minn. Sept. 27, 2018), *aff'd*, No. 18-3086 (8th Cir. Dec. 3, 2018), *cert. denied*, 139 S.Ct. 1618 (2019); *see also Branch v. Commonwealth Emp't Rels. Bd.*, 481 Mass. 810, 819-25 (2019).

state-compensated childcare providers, rather than full-fledged public employees, that distinction made no difference to the Court's conclusion that *Knight* was controlling. *See Babb*, 378 F.Supp.3d at 888 (*Mentele* is not distinguishable because it involved "partial state employees, rather than full-fledged public employees" (quotation marks omitted)); *Grossman*, 382 F.Supp.3d at 1092 (same).

Plaintiff's effort to distinguish *Mentele* also makes no logical sense, because Plaintiff *is* a "full" public employee (like the instructors in *Knight*, *see* 465 U.S. at 278) and the state's interest in labor peace is arguably *stronger* for full public employees who share common worksites. *See Harris v. Quinn*, 573 U.S. 616, 649-50 (2014); *see also Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 52 (1983) (exclusive representation "may reasonably be considered a means of insuring labor-peace within the schools."); Union MSJ at 25-27; Union Resp. at 21-23; Grodin Dec. ¶ 15 (explaining that exclusive-representation collective bargaining "can reduce labor strife and the possible disruption of public services").

## CONCLUSION

For the reasons stated above, this Court should grant AFSCME's motion for summary judgment as to all claims in the FAC and deny Plaintiff's cross-motion for summary judgment.

Dated: Aug. 1, 2019                    Respectfully submitted,

*/s/ Eileen B. Goldsmith*

Scott Kronland (*pro hac vice*)
skronland@altshulerberzon.com
Eileen B. Goldsmith (*pro hac vice*)
egoldsmith@altshulerberzon.com
Stefanie L. Wilson (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street Suite 300
San Francisco, CA 94108

12

(415) 421-7151

Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
YOUTZ & VALDEZ, P.C.
900 Gold Avenue S.W.
Albuquerque, NM 87102
(505) 244-1200

*Attorneys for Defendant AFSCME Council 18*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading was electronically filed and served through the CM/ECF system this 1st day of August, 2019, on all registered parties.

Brian K. Kelsey
Reilly Stephens
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
bkelsey@libertyjusticecenter.org
rstephens@libertyjusticecenter.org

Patrick J. Rogers
Patrick J. Rogers, LLC
20 First Plaza, Suite 725
Albuquerque, NM 87102
patrogers@patrogerslaw.com

*Attorneys for Plaintiff Brett Hendrickson*

Lawrence M. Marcus
Alfred A. Park
Park & Associates, LLC
3840 Masthead Street, N.E.
Albuquerque, NM 87109
lmarcus@parklawnm.com
apark@parklawnm.com

*Attorneys for Defendants Michelle Lujan Grisham and Hector Balderas*

> */s/ Eileen B. Goldsmith*
> Eileen B. Goldsmith