IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRETT HENDRICKSON,

      Plaintiff,

v.

No. 18-CV-01119-RB-LF

AFSCME COUNCIL 18; MICHELLE LUJAN
GRISHAM, in her official capacity as
Governor of New Mexico; and HECTOR
BALDERAS, in his official capacity as Attorney
General of New Mexico,

      Defendants.

### NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF UNION DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Local Rule 7.8, Defendant AFSCME Council 18 advises the Court of the recent decision in *Smith et al. v. Teamsters Local 2010 et al.*, 2019 WL 6647935 (C.D. Cal. Dec. 3, 2019) (Ex. A, hereto), dismissing claims identical to Plaintiff Hendrickson's First Amendment claims arising under 42 U.S.C. §1983 against the union for lack of state action. *See id.* at *1.

This decision is relevant to the pending motions because, in *Smith*, as here, the plaintiffs voluntarily joined the union and agreed to pay membership dues for a specified term, and later resigned from the union, but were held to their dues payment authorization until they cancelled during the agreed-upon revocation period. *Id.* at *2. The court held that, neither the existence of

a statute requiring the state to honor employees' dues deduction authorizations, nor the state's collective bargaining agreement with the union, nor the state's ministerial actions in performing the employee-directed payroll dues deductions, were sufficient to establish state action. *Id.* at *5. The court also held that the plaintiffs failed to establish that the union was a state actor on any legal theory. *Id.* at *6-8. Defendants make the same arguments here. *See* Dkt. 32, at 10-20; Dkt. 39, at 16-18; Dkt. 45, at 8-9.

*Smith* further held that, even if there was state action, the plaintiffs' First Amendment claim still fails because their voluntary union membership agreements were enforceable contracts, and that *Janus v. AFSCME Council 31*, 138 S.Ct. 2448 (2018), involved compulsory agency fees and not voluntary union membership. *Smith*, 2019 WL 6647935, at *8-9. The court found that "*Janus* is distinguishable from the present case because Plaintiffs consented to dues deductions when they signed the Membership Agreement…. Tellingly, Plaintiffs have not identified a single decision that found a union member's First Amendment rights had been violated under similar circumstances." *Id.* at *9 (citing the numerous decisions rejecting similar claims premised on *Janus*). Defendants make the same arguments here. *See* Dkt. 32, at 11-17; Dkt. 39, at 6-16; Dkt. 45, at 3-8.

Dated: December 10, 2019
Respectfully submitted,

*/s/ Eileen B. Goldsmith*

Scott Kronland (*pro hac vice*)
skronland@altshulerberzon.com
Eileen B. Goldsmith (*pro hac vice*)
egoldsmith@altshulerberzon.com
Stefanie L. Wilson (*pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street Suite 300
San Francisco, CA 94108

(415) 421-7151

Shane C. Youtz
shane@youtzvaldez.com
Stephen Curtice
stephen@youtzvaldez.com
James A. Montalbano
james@youtzvaldez.com
YOUTZ & VALDEZ, P.C.
900 Gold Avenue S.W.
Albuquerque, NM 87102
(505) 244-1200

*Attorneys for Defendant AFSCME Council 18*

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing pleading was electronically filed and served through the CM/ECF system this 10th day of December, 2019, on all registered parties.

Brian K. Kelsey
Reilly Stephens
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
bkelsey@libertyjusticecenter.org
rstephens@libertyjusticecenter.org

Patrick J. Rogers
Patrick J. Rogers, LLC
20 First Plaza, Suite 725
Albuquerque, NM 87102
patrogers@patrogerslaw.com

*Attorneys for Plaintiff Brett Hendrickson*

Lawrence M. Marcus
Alfred A. Park
Park & Associates, LLC
3840 Masthead Street, N.E.
Albuquerque, NM 87109
lmarcus@parklawnm.com
apark@parklawnm.com

*Attorneys for Defendants Michelle Lujan Grisham and Hector Balderas*

            */s/ Eileen B. Goldsmith*
            Eileen B. Goldsmith